CATHERINE LEJEUNE ET AL., APPELLANTS, V. LEWIS HARMON APPELLEE.

[FILED APRIL 1, 1890.]

1. **Action Quia Timet:** UNOCCUPIED LAND. Where land is uncultivated and in the actual occupation of no one, the party holding the legal title is deemed to be in possession thereof, and may maintain an action to remove a cloud from his title.

2. **Adverse Possession:** TAX DEED: CULTIVATED LAND. A party who had been in possession of land for less than ten years under a tax deed which was void, but he and those under whom he claimed had cultivated about thirty-two acres under a claim of ownership for more than ten years; *held*, that the bar of the statute applied alone to the cultivated land.

3. ——— : ——— : WILD LAND. On the pleadings and proof, *held*, that the plaintiffs were entitled to a decree for the uncultivated land.

APPEAL from the district court for Wayne county. Heard below before NORRIS, J.

*A. A. Welch*, and *James Britton*, for appellants, cited on the question of adverse possession: *Harvey v. Tyler*, 2 Wall. [U. S.], 328; *Link v. Doerfer*, 42 Wis., 391; *Colvin v. R. V. Land Ass'n*, 23 Neb., 80; *Washburn v. Cutter*, 17 Minn., 361; *Gatling v. Lane*, 17 Neb., 80; *Haywood v. Thomas*, Id., 237; *Gue v. Jones*, 25 Neb., 634;

*Heaton v. Fryberger*, 38 Ia., 185 ; Angell, Limitations, sec. 384; Buswell, Limitations, sec. 227.

*Frank Fuller, contra,* cited on the question of jurisdiction : *Gregory v. Bank*, 16 Neb., 411 ; *Snowden v. Tyler*, 21 Id., 199 ; *Horn v. Miller*, 20 Id., 99 (dissenting opinion and cases cited) ; *Sloan v. Sloan*, 5 South. Rep. [Fla.], 603 ; *Evans v. Schafer*, 21 N. E. Rep., 448 ; *Wyland v. Mendel*, 37 N. W. Rep. [Ia.], 160. On the question of adverse possession : *Gatling v. Lane,* and *Daywood v. Thomas, supra; Clapp v. Bromagham*, 9 Cow. [N. Y.], 530; *Whitney v. Wright*, 15 Wend. [N. Y.], 171; *Fosgate v. Herkimer Mfg. Co.*, 12 Barb. [N. Y.], 352 ; *Jackson v. Johnson*, 5 Cow. [N. Y.], 74 ; *Jackson v. Bard*, 4 Johns. [N. Y.], 230 ; *Briggs v. Prosser*, 14 Wend. [N. Y.], 227 ; *Montgomery Co. v. Severson*, 64 Ia., 326 ; *Cooper v. Morris*, 7 Atl. Rep. [N. J.], 427 ; *Jackson v. Camp*, 1 Cow. [N. Y.], 610 ; *Sherry v. Frecking*, 4 Duer [N. Y.], 452 ; *Jackson v. Warford*, 7 Wend. [N. Y.], 62; *Finlay v. Cook*, 54 Barb. [N. Y.], 9; *McMillan v. Wehle*, 13 N. W. Rep. [Wis.], 694; *Probst v. Church*, 129 U. S., 191; *Hacker v. Horlemus*, 41 N. W. Rep. [Wis.], 965; *Jackson v. Wheat*, 18 Johns. [N. Y.], 44; *Smith v. Lorillard*, 10 Id., 356; *LaFrambois v. Jackson*, 8 Cow. [N. Y.], 611 ; *Humbert v. Trinity Church*, 24 Wend. [N. Y.], 604; *Baldwin v. Ratcliff*, 17 N. E. Rep. [Ill.], 794; *McConnell v. McConnell*, 64 N. C., 342; 1 Am. & Eng. Encyc. Law, 255, 274, 277, 279, 290, 292 ; *Hassett v. Ridgley*, 49 Ill., 201; *Booth v. Small*, 25 Ia., 177; *Clancey v. Houdlette*, 39 Me., 451; *Corning v. Troy Iron Wks.*, 44 N. Y., 577 ; *Murphy v. Doyle*, 33 N. W. Rep. [Minn.], 220 ; *Simpson v. Downing*, 23 Wend., 322; *Paine r. Hutchins*, 49 Vt., 314; *Miller v. R. Co.*, 71 N. Y., 380; *Gage v. Hampton*, 127 Ill., 87 [S. C., 20 N. E. Rep., 13]; *Kelly v. McKeon*, 31 N. W. Rep., 325, note, 326; *Bates v. Campbell*, 25 Wis., 613 ; *Hart v. Bloomfield*, 5 So. Rep. [Miss.], 620; *Stett-*

*nische v. Lamb*, 18 Neb., 626 ; *McNeely v. Langan*, 22 O.
S., 32; *Marston v. Rowe*, 43 Ala., 271 ; *Tex v. Pflug*, 24
Neb., 666 ; *Levi v. Yerga*, 25 Id., 766 ; *Trussel v. Lewis*,
13 Id., 417; *Murray v. Hudson*, 32 N. W. Rep. [Mich.],
891 ; *Turner v. Stevenson*, 40 Id. [Mich.], 735 ; *Brobst v.
Brock*, 10 Wall. [U. S.], 519; *Forey v. Bigelow*, 56 Ia.,
381; *Clement v. Perry*, 34 Id., 564; *Mooney v. Cooledge*,
30 Ark., 655 ; *Kerr v. Hitt*, 75 Ill., 57; *McQuiddy v.
Ware*, 20 Wall. [U. S.], 14 ; *Key v. Jennings*, 66 Mo., 356 ;
*Samuels v. Borrowscale*, 104 Mass., 207 ; *Coleman v. Bill-
ings*, 89 Ill., 183 ; *Leeper v. Baker*, 68 Mo., 400 ; *Steph-
ens v. Leach*, 19 Pa. St., 262; *Barrett v. Stradl*, 41 N. W
Rep. [Wis.], 442; *Lessee of Smith v. Trabue's Heirs*, 1 Mc-
Lean [U. S.], 87 ; *McCagg v. Heacock*, 42 Ill., 157 ;
*Ewing v. Burnet*, 11 Pet. [U. S.], 41 ; *Wright v. Mattison*,
18 How. [U. S.], 50 ; *Barrett v. Love*, 48 Ia., 103 ; *Shaw-
ler v. Johnson*, 52 Id., 473; *Clark v. Thompson*, 37 Id.,
536 ; *Hintrager v. Hennessy*, 46 Id., 600; *Housel v. Boggs*,
17 Neb., 96 ; *Meade v. Gilfoyle*, 24 Id., 413.

Maxwell, J.

In 1874 Peter Leonard died intestate at his residence in
Cuming county, Nebraska, seized in fee of certain real es-
tate described in the petition as township 25, range 5, in
Wayne county, Nebraska, leaving no heirs in this country,
but a number of relatives in France.   One G. W. Schnell-
backer was appointed administrator of his estate by the
probate court of said Cuming county, but failed to com-
plete the settlement of the estate.   Afterwards C. C. Mc-
Nish was appointed administrator of the estate.

On the 12th day of September, 1874, the land in con-
troversy was sold by the treasurer of Wayne county to one
Joseph Boekenhauer, and certificates of sale issued to him.
At this time thirty acres of the land in controversy were
under cultivation, the balance being a portion of a large
tract of unbroken prairie.   The tax purchaser commenced

the cultivation of the cultivated thirty acres of said land in the spring of 1875, and in 1876 broke out and thereafter cultivated two more acres of the land, the balance thereof remaining uncultivated prairie to the present time, without fence, buildings, or other improvements whatever. In November, 1876, the treasurer of Wayne county issued to Boekenhauer a tax deed for said land based upon the aforesaid tax sale. The said tax purchaser continued the cultivation of thirty-two acres of the land in controversy until December, 1882, when he sold and conveyed the same to one Daniel Hubbard, who in March, 1883, conveyed the same to the defendant, who was then and ever since has been a non-resident of the state of Nebraska. The cultivation of the improved thirty-two acres of said land was continued by tenants of defendant to the time of trial.

On the 18th day of February, 1886, plaintiffs filed their petition in the district court of Wayne county, alleging that they were the owners of said land, and asking that the cloud upon their title thereto, caused by the aforesaid tax deed and the subsequent conveyances, be removed. Service was had upon the defendant by publication, and a decree by default was entered.

In April, 1887, the defendant appeared, filed a motion to set aside default, and answered as follows:

"Now comes the defendant, and for answer to plaintiffs' petition denies each and every allegation contained therein not herein expressly admitted. Defendant admits that Joseph Boekenhauer conveyed to Daniel Hubbard by warranty deed the south half of the northwest quarter of section 4, township 25, range 5 east, and that Hubbard conveyed the same by the same form of instrument to the defendant, and that said conveyances are of record in Wayne county, Nebraska.

"The defendant says that he is the owner of said described land under and by virtue of said conveyance to him, is entitled to and is in possession of the same as such owner,

and has been in possession and occupied the same as such owner since the date of the deed to him by said Hubbard, to-wit, March 27, 1883, and that his grantors were in possession and occupancy thereof since the date of treasurer's deed, to-wit, November 11, 1876, to said Boekenhauer, a copy of which is hereto attached marked 'Exhibit A,' and made a part of this answer; that since said conveyance to him he has put lasting and valuable improvements on said land, to the value of $150, and further says that he has paid taxes thereon since the year 1883, amounting to the sum of $32.16; that the statute of limitations has operated as a bar to said action, as more than three years have elapsed since treasurer's deed was filed, and before this action was commenced.

"Defendant therefore asks that this action be dismissed and that he be allowed his costs, and for such other and further relief as the court may determine to be just and equitable."

This answer was filed April 11, 1887, and the treasurer's tax deed dated November 11, 1876, is set out as an exhibit. In June, 1888, the plaintiffs asked leave to amend their petition, and the same month and year the defendant for the first time objected to the jurisdiction of the court. "to try the question of his title to the land described in plaintiffs' petition or his right to the possession thereof in this form of action." Afterwards he further amended his answer by pleading "open, notorious, exclusive, adverse possession for ten years immediately preceding the beginning of the suit." On the trial of the cause the court found the issues in favor of the defendant and dismissed the action. The plaintiffs appeal.

The first question presented is the jurisdiction of the court. The testimony shows that nearly all the land in controversy is uncultivated and unoccupied, and that the tax deed in question constitutes a cloud on the plaintiffs' title. This being so, the persons holding the legal title are

Lejeune v. Harmon.

deemed to be in possession and may maintain an action to quiet their title. So that independently of the answer we think the petition states a cause of action for equitable relief. The defendant, too, asks the favorable consideration of the court by praying for such relief as is "just and equitable"; in other words, invokes the equity powers of the court in rendering judgment. If, however, there is an actual occupant of the land claiming title to the same, then an action of ejectment is the proper remedy. The court, therefore, had jurisdiction in this form of action. No demand seems to have been made for a jury, and the case seems to have been treated by both parties as an action in equity, and it is now too late to raise the objection.

The testimony in this case, which is very voluminous, clearly establishes the fact that the plaintiffs are the lawful heirs of Peter Leonard, deceased, and the county court of Cuming county so found and rendered a decree of distribution of the estate to them. It is unnecessary to review the evidence at length here. It clearly shows that the defendant's tax deed is void and conveyed no title, but that he is entitled to a *pro rata* division of certain taxes paid by him. The statute has also run in his favor for thirty-two acres of land which has been in actual cultivation for more than ten years before the bringing of this suit, but as to the residue he has no title.

The judgment of the district court is reversed and a decree will be entered in this court in favor of the plaintiffs, requiring them to pay the defendant the amount of taxes due him, with lawful interest thereon, and upon the payment of the same the title of the plaintiffs to all the land in controversy, except the thirty-two acres aforesaid, will be quieted and confirmed in them. A reference will be ordered, if necessary, to ascertain the amount due for taxes.

JUDGMENT ACCORDINGLY.

THE other judges concur.